IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| A.D. ARNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1226-D |
| | ) | |
| GLAXO SMITH KLINE, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant GlaxoSmithKline LLC's Motion for Relief Pursuant to Rule 41(d) of the Federal Rules of Civil Procedure [Doc. No. 14]. Defendant seeks an order requiring Plaintiff to pay the costs of a previously dismissed action and staying this action until the payment is made; Defendant does not seek a particular amount but proposes to submit an itemization of costs if the Motion is granted. Plaintiff has made no timely response. Therefore, the Court in the exercise of discretion under LCvR7.1(g) deems the Motion confessed. For this reason, and because the Motion has merit, the Court grants the relief sought.

Rule 41(d) authorizes a district court to assess costs of a dismissed action "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant." Plaintiff commenced the present action in state court within one month after he was granted a voluntary dismissal without prejudice of a prior action asserting an identical claim against Defendant. *See Arney v. GlaxoSmithKline*, Case No. CIV-14-492-D, Order (W.D. Okla. Sept. 10, 2014). That case also began in state

court, and Defendant removed it after establishing that the amount in controversy exceeded $75,000.00. On the day of the initial scheduling conference in that case, Plaintiff moved to dismiss the action "for the reason that he lacks the time, interest and patience to prosecute the case to conclusion." *Id*. (internal quotation omitted). Given Plaintiff's swift refiling of a petition in which he attempted to prevent removal by praying for judgment in an amount less than $75,000.00, Plaintiff's stated reasons lack credibility.

Because the conditions for relief under Rule 41(d) are met, because Plaintiff has presented no reason *not* to impose costs against him, and because the purposes of Rule 41(d) will be served under these circumstances, the Court finds that an award of costs to Defendant is warranted and that this case should be stayed until payment is made. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (Rule 41(d) serves to prevent vexatious litigation and forum shopping).

Defendant does not ask that Plaintiff be ordered to pay a particular amount but, instead, proposes to file an itemization of costs properly available to it under Rule 41(d). The Court finds this proposal to be satisfactory. To assist Defendant in preparing its itemization, the Court notes that reasonable costs awarded under Rule 41(d) should generally consist of legal expenses that were rendered useless by the dismissal. The Court agrees with the reasoning of district courts that have concluded a plaintiff should not be required to pay costs and expenses incurred in connection with legal work in a prior action that has continued utility or has contributed toward defense of the present action. *See*, *e.g.*, *Esquivel v. Arau*, 913 F. Supp. 1382, 1392 (C.D. Cal. 1996); *see also Aerotech, Inc. v. Estes,* 110 F.3d 1523,

1528 (10th Cir. 1997) (award of costs as condition of voluntary dismissal under Rule 41(a)(2) serves to compensate for risk that plaintiff will refile and cause duplicative expenses). Thus, for example, costs previously incurred by Defendant in determining that the amount in controversy exceeds $75,000.00, which legal work permitted the immediate removal of this case upon service of the petition, should not be included.

IT IS THEREFORE ORDERED that Defendant's Motion is GRANTED. Defendant shall submit an itemization of costs claimed under Rule 41(d) within 14 days from the date of this Order. Plaintiff may respond within 14 days thereafter. Upon determination by the Court of a reasonable amount, Plaintiff will be ordered to pay Defendant's costs of the previously dismissed action within a time period to be set by the Court. Further proceedings in this action are stayed until Plaintiff complies with the Court's subsequent order for payment.

IT IS SO ORDERED this 27th day of February, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE