IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| A.D. ARNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1226-D |
| | ) | |
| GLAXOSMITHKLINE, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff has made a *pro se* filing entitled "Appeal of Order Filed on February 27, 2015" [Doc. No. 17]. Despite this title, Plaintiff does not seek to appeal to a higher court but, instead, "asks this Court to strike the subject Order." *Id.* Accordingly, the Court understands that Plaintiff is seeking reconsideration of the February 27 Order granting Defendant's motion for relief under Fed. R. Civ. P. 41(d). In part because Plaintiff failed to respond to the motion and because he "presented no reason *not* to impose costs against him," the Court found that Plaintiff should be ordered to pay costs incurred in his previously dismissed action and that this case should be stayed until Plaintiff complies with an order for payment to be issued after a reasonable amount is determined. *See* 2/27/15 Order [Doc. No. 16], p.2.

Plaintiff requests relief from the February 27 Order for the stated reasons that he did not receive a copy of Defendant's motion and so had no opportunity to respond to it. Defendant has responded to Plaintiff's filing by stating that it mailed a copy of the Rule 41(d) motion to Plaintiff in the usual manner, but it has no objection to the Court granting Plaintiff

leave to respond to the motion before the February 27 Order is implemented "so that the record is unquestioned." Def.'s Resp. Br. [Doc. No. 19], p.1.

Plaintiff does not present in his filing any basis to alter the determinations made in the February 27 Order. He presents a specious argument that Rule 41(d) does not apply because his cases were filed in state court and removed by Defendant and because he did not refile his case in federal court. Rule 41(d) plainly applies in removed cases. *See* Fed. R. Civ. P. 81(c)(1). Further, the applicability of Rule 41(d) does not depend on a refiling of the same claim against the same defendant in federal court, or refiling in the same court from which the previous action was dismissed. Plaintiff also seems to contend, incorrectly, that a hearing on Defendant's motion was required. Pursuant to LCvR78.1, hearings on motions are not routinely conducted but may be ordered by the court.

Plaintiff offers only one suggestion that might affect the February 27 Order. The Court found that the purposes of Rule 41(d) will be served by an award of costs under the circumstances shown by the record. Without offering any explanation for his conduct, Plaintiff states that he can show a justification for voluntarily dismissing and then immediately refiling his case. Accordingly, to the limited extent that Plaintiff should be allowed to show why costs should not be assessed against him, the Court finds that relief from the February 27 Order should be granted.

IT IS THEREFORE ORDERED that Plaintiff's motion to reconsider [Doc. No. 17] is GRANTED only to the extent that Plaintiff may file a response to Defendant's Motion for Relief Pursuant to Rule 41(d) [Doc. No. 14] within 14 days from the date of this Order and

Defendant may reply within 7 days thereafter. Also, Defendant is relieved of its obligation to submit an itemization of costs by March 13, 2015. After Defendant's Motion is fully briefed, the Court will determine by subsequent order whether to grant further relief from the Order of February 27, 2015. If Plaintiff fails to file a timely response brief, the Order will stand, and the Court will issue new directions regarding a determination of the amount of costs to be assessed.

IT IS SO ORDERED this 13th day of March, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE