IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

A.D. ARNEY, )
)
    Plaintiff, )
)
vs. ) Case No. CIV-14-1226-D
)
GLAXOSMITHKLINE, )
)
    Defendant. )

### **O R D E R**

By Order of March 13, 2015, the Court granted a motion by Plaintiff, who appears *pro se*, asking for reconsideration of a prior order granting Defendant's motion for relief under Fed. R. Civ. P. 41(d). The March 13 Order authorized Plaintiff to file an untimely response to Defendant's motion so he could attempt to show a justification for voluntarily dismissing and then promptly refiling an earlier case and show why costs should not be assessed against him. On April 15, 2015, Plaintiff filed his written response [Doc. No. 27]. The time period for Defendant to reply has expired.

The Court initially granted Defendant's Rule 41(d) motion by Order of February 27, 2015. Plaintiff does not dispute the factual findings of the February 27 Order that he "commenced the present action in state court within one month after he was granted a voluntary dismissal without prejudice of a prior action asserting an identical claim against Defendant." *See* Order of 2/27/15 [Doc. No. 16], p.1. Plaintiff also does not deny that his reason for dismissing the prior case was "that he lack[ed] the time, interest and patience to prosecute the case to conclusion." *See Arney v. GlaxoSmithKline*, Case No. CIV-14-492-D,

Order (W.D. Okla. Sept. 10, 2014) (internal quotation omitted). Instead, Plaintiff explains his lack of interest in prosecuting his first case as caused by frustration with Defendant's objections and inadequate responses to his discovery requests in that case. Plaintiff explains his refiling as a result of Defendant's failure to respond to a written offer to compromise and settle his claim. Plaintiff also expresses a view that Defendant's removals to federal court are attempts to discourage and intimidate him, and to prevent an expeditious resolution of a claim that does not warrant a federal court trial. Finally, Plaintiff argues that Rule 41(d) does not apply because he dismissed his first case in federal court and refiled in state court.

The Court adheres to the view expressed in its March 13 Order that Plaintiff's legal argument regarding Rule 41(d) is specious. Plaintiff contends the rule does not apply because he did not dismiss and then refile his case "in the same Court." *See* Pl.'s Resp. [Doc. No. 27], pp.6-7. Rule 41(d) says nothing about the same court. It authorizes an imposition of costs "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant." *See* Fed. R. Civ. P. 41(d). A federal district court may properly exercise its authority under Rule 41(d) in a removed action. *See*, *e.g.*, *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000). Further, if Plaintiff's refiling were viewed as pre-removal conduct subject to state rules of procedure (*see Griffen v. City of Okla. City*, 3 F.3d 336, 341 (10th Cir. 1993)), the Oklahoma Statutes contain an almost identical provision. *See* Okla. Stat. tit. 12, § 684(D).

Turning to the issue of whether an assessment of costs against Plaintiff is justified under the circumstances, the Court finds that Plaintiff's current efforts to explain his

2

dismissal and immediate refiling do not alter the analysis of the February 27 Order. Despite Plaintiff's view that his case does not warrant a federal court's attention and that Defendant's federal court removals of his cases were somehow improper, the Court finds that Defendant has simply exercised its rights of removal under the federal statutes. If Plaintiff was dissatisfied with Defendant's discovery responses in his first case, the proper remedy was to seek the Court's assistance in compelling Defendant to cure any deficiencies; dismissing the first case in frustration did nothing to advance the litigation. Further, Plaintiff's explanations are conspicuously silent about the crux of the problem – an immediate refiling of his case within one month of the prior dismissal, making the same substantive allegations presented in his prior pleadings but praying for damages in an amount less than $75,000. Plaintiff was clearly attempting to prevent the removal of his second case to federal court, and engaged in the type of forum shopping and refiling for tactical advantage that Rule 41(d) is designed to prevent. *See Rogers*, 230 F.3d at 874.

For these reasons, the Court adheres to the conclusions of its February 27 Order that an order for payment of Defendant's costs under Rule 41(d) is appropriate, and that further proceedings in the case should be stayed until Plaintiff pays a reasonable amount to be determined by the Court upon further application by Defendant.

IT IS THEREFORE ORDERED that Defendant shall submit an itemization of costs claimed under Rule 41(d) within 14 days from the date of this Order. Plaintiff may respond within 14 days thereafter. Upon determination by the Court of an appropriate amount, Plaintiff will be ordered to pay Defendant's costs within a time period to be set by the Court.

The stay imposed by Order of February 27, 2015, shall remain in effect until further order of the Court.

IT IS SO ORDERED this  15th  day of March, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE